IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRADY HAWKINS, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-20-882-F |
| LOWE'S HOME CENTERS, LLC, | ) |
| Defendant. | ) |

# **ORDER**

While shopping at Lowe's in Midwest City, Oklahoma, Grady Hawkins tripped over a "Shed in a Box" located in the aisle. He fell and injured his hip. Mr. Hawkins seeks recovery of damages for his injury under premises liability and negligence theories. The company has moved for summary judgment, asserting "the existence of a large, white, rectangular shed on a pallet in the aisle was open and obvious." Doc. no. 21, p. 2. Mr. Hawkins has responded, opposing summary judgment. Doc. no. 22. Lowe's has replied. Doc. no. 23. Upon review, the court finds Lowe's motion should be denied.

In Sholer v. ERC Management Group, LLC, 256 P.3d 38 (Okla. 2011), the Oklahoma Supreme Court stated:

> We have rejected the "open and obvious defense" in a number of cases where the condition or defect was visible but unseen by the plaintiff. A danger need not be totally or partially obscured from vision or withdrawn from sight to be considered hidden. Rather, it may encompass a condition presenting a deceptively innocent appearance of safety, cloaking a reality of danger. *It may also arise from circumstances diverting the plaintiff's attention from the danger.* Therefore, not every "observable" condition is

> "open and obvious" as a matter of law. Whether harm from an open and obvious defect may be actionable depends on an objective due care standard, *i.e.*, whether under similar circumstances a prudent person would be able to see the defect and avoid being injured. Nevertheless, it is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact. What would normally be considered an open and obvious danger may become a latent defect because of the conditions existing at the time of injury.

*Id*. at 43-44 (emphasis added).

The court concludes that the deposition testimony of Mr. Hawkins, viewed in his favor, raises a question of fact on the issue of whether the "Shed in a Box" was an open and obvious defect. Mr. Hawkins testified:

> I was in the store. I switched to a lumber cart. And I couldn't find the second board. I was looking for a 2X12X12 foot. So I got a Lowe's employee and told him that I needed to find this other board and I wanted him to cut them in four foot lengths. He said okay and he grabbed the cart and started walking around to another aisle and I followed suit hanging onto the back end of the cart. Well, he pulled it up at the location where the 12 foot stock was for a 2X12 and he grabbed one end and I grabbed the other and I walked out to the edge of the cart and he was kind of walking towards me pushing me backwards and I was at that point sidestepping small sidesteps because I kept thinking, you know, this ought to be far enough, this ought to be far enough, and then all of a sudden, I felt something hit my foot and over I went and landed directly on my hip.

Doc. no. 22-1, p. 2, ll. 1-16.

Although Lowe's has presented evidence that the "Shed in a Box" in the aisle was an observable condition, Mr. Hawkins' deposition testimony reveals foreseeable circumstances, *i.e.*, assisting Lowe's employee with placement of lumber on a cart

2

and walking backwards and sidestepping holding the lumber, diverting Mr. Hawkins's attention from that observable condition.  "[A]n otherwise observable condition may be considered a hidden or latent condition because of the presence of 'circumstances diverting the plaintiff's attention.'"  Martinez v. Angel Exploration, LLC, 798 F.3d 968, 977 (10th Cir. 2015) (quoting Sholer, 256 P.3d at 43 and citing Roper v. Mercy Health Ctr., 903 P.2d 314, 314-315 (Okla. 1995); Spirgis v. Circle K Stores, Inc., 743 P.2d 682, 685 (Okla. Civ. App. 1987)).

The court concludes that the openness and obviousness of the danger[1] of the "Shed in a Box" in the aisle is a question for the trier of fact.  Summary judgment is therefore not appropriate.  A jury may well make short work of plaintiff's contention that this rather sizeable box was not open and obvious, but, at the summary judgment stage, the controlling authorities are very indulgent toward slip (or trip) and fall plaintiffs in these situations.

Accordingly, Defendant's Motion for Summary Judgment (doc. no. 20), filed August 2, 2021, is **DENIED**.

IT IS SO ORDERED this 7th day of September, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0882p003 rev_.docx

---

[1] In its papers, Lowe's argues there was nothing inherently dangerous about the "Shed in a Box" or in its placement.  Lowe's asserts there was ample room in the aisle to avoid the "Shed in a Box" and under Oklahoma law, it is allowed to display goods in a manner consistent with the nature of the goods and of business.  Viewing the evidence in a light most favorable to plaintiff, the court concludes that a reasonable jury could conclude that the "Shed in a Box" or its placement was inherently dangerous.  It could conclude that given the circumstances, Mr. Hawkins was not able to see and avoid the product.